IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MARK A. YACKO,** | Case No. 1:23-cv-01578-PAB |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **GENERAL MOTORS COMPANY,** *et al.*, | |
| **Defendants.** | **MEMORANDUM OPINION AND ORDER** |

Pending before the Court is Defendant General Motors Company ("Defendant" or "GM") Motion to Tax Costs ("Motion") (Doc. No. 40) against Plaintiff Mark. A. Yacko ("Plaintiff" or "Yacko"), filed on January 15, 2025.  On January 23, 2025, Yacko filed a Brief in Opposition to GM's Motion to Tax Costs ("Opposition") (Doc. No. 42), and on January 30, 2025, GM filed a Reply Brief in Support of its Motion ("Reply") (Doc. No. 43).  Accordingly, GM's Motion is ripe for a decision.

For the following reasons, the Court **GRANTS** GM's Motion.  (Doc. No. 40.)

**I.     Relevant Background**

On June 11, 2023, Yacko filed suit against GM and Defendant Jim Gaeschke ("Gaeschke") in the Court of Common Pleas of Cuyahoga County, Ohio.  (Doc. No. 1-1.)  On August 14, 2023, GM removed Yacko's lawsuit to this Court.  (Doc. No. 1.)

On July 17, 2024, following discovery, GM and Gaeschke filed a Motion for Summary Judgment, seeking judgment in their favor on all remaining[1] counts. (Doc. No. 27.) On August 20, 2024, Yacko filed an Opposition Brief to GM and Gaeschke's Motion for Summary Judgment. (Doc. No. 33.) On September 17, 2024, GM and Gaeschke filed a Reply Brief to Yacko's Opposition Brief. (Doc. No. 37.) On December 26, 2024, the Court issued a Memorandum Opinion and Order granting GM and Gaeschke's Motion for Summary Judgment on all counts. (Doc. No. 38.)

On January 15, 2025, GM filed the present Motion to Tax Costs against Yacko. (Doc. No. 40.) Specifically, GM seeks an award of costs in an amount of $3,714.50 as to fees incurred for electronically recorded deposition transcripts "necessarily obtained for use in the case." (*Id.* at PageID #1491, 1495–97.) On January 23, 2025, Yacko filed his Opposition to GM's Motion. (Doc. No. 42.) That same day, Yacko also filed a Notice of Appeal to the Sixth Circuit appealing this Court's decision granting Defendants' Motion for Summary Judgment. (Doc. No. 41.) On January 30, 2025, GM filed its Reply in support of its Motion. (Doc. No. 43.)

Accordingly, GM's Motion is ripe for a decision.

**II.     Standard of Review**

Under Federal Rule of Civil Procedure 54(d), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d); *Wynn v. Univ. of Toledo*, 2024 WL 3495333, at *1 (N.D. Ohio July 22,

---

[1] On November 3, 2023, Gaeschke filed a Motion to Dismiss, seeking dismissal of Yacko's claims against him only. (Doc. No. 10.) On February 28, 2024, the Court issued a Memorandum Opinion and Order granting in part and denying in part Gaeschke's Motion to Dismiss. (Doc. No. 19.) Specifically, the Court granted Gaeschke's Motion to Dismiss as to Yacko's claims for age discrimination/aiding and abetting (Count One) and breach of contract (Count Two) but denied Gaeschke's Motion to Dismiss as to Yacko's claim for defamation (Count Three). (*Id.*)

2024). Rule 54(d) "creates a presumption in favor of awarding costs [to a prevailing party], but allows denial of costs at the discretion of the trial court." *Wynn*, 2024 WL 3495333, at *1 (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)). "The prevailing party must demonstrate that the costs it seeks to have taxed 'are authorized by applicable federal law, including proof of necessity and reasonableness under 28 U.S.C. § 1920.'" *Id.* (citing *Swysgood v. Bd. of Educ. of Nw. Loc. Sch. Dist. of W. Salem*, 2019 WL 2026514, at *2 (N.D. Ohio May 8, 2019)). "The costs of taking depositions and the associated transcripts are recoverable under § 1920." *Id.* (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 440 (1987)).

"The Court has discretion to deny costs and must review the necessity of each cost subject to an objection." *Id.* (citing *White & White, Inc.*, 786 F.2d at 730). "The Sixth Circuit has identified a few situations where courts appropriately exercise their discretion to deny an award of costs: (1) where the prevailing party's costs are 'unnecessary or unreasonably large'; (2) where the prevailing party has 'unnecessarily prolong[ed] trial' or has 'inject[ed] unmeritorious issues'; (3) where the prevailing party's victory is insignificant; and (4) in 'close and difficult' cases." *Id.*

**III.    Analysis**

In its Motion, GM seeks costs in the total amount of $3,714.50 as to fees incurred for electronically recorded deposition transcripts "necessarily obtained for use in the case." (Doc. No. 40 at PageID #1491, 1495–97.) In support of its Motion, GM attaches a bill of costs, itemized list of costs, invoices, and a declaration from its counsel. (Doc. Nos. 40-1, 40-2.)

In his Opposition, Yacko requests that the Court stay or overrule GM's Motion until after the appeal is determined. (Doc. No. 42 at PageID #1504.) Further, Yacko submits that GM seeks $740.80 for "costs of the depositions of deponents Sipler, Jewett, and East," even though GM "did not file

3

those depositions for record in this case in support of summary judgment." (*Id.*) Accordingly, Yacko asserts that he "should not be taxed on depositions that were not filed or used by the Defendant." (*Id.*) Yacko cites no cases in support of his positions. (*See id.*)

In its Reply, GM first asserts that there is "no legal basis" for Yacko's request to stay or overrule GM's Motion "until after the appeal is determined" because the "Sixth Circuit has rejected the assertion that a district court should not allow the taxing of costs while an appeal is pending." (Doc. No. 43 at PageID #1506.) Next, GM maintains that "Rule 54(d) creates a presumption in favor of costs." (*Id.* at PageID #1507.) Notwithstanding this presumption, GM contends that the Sixth Circuit has described several circumstances in which denial of costs is proper, but that Yacko has failed to show that any of those circumstances apply, "nor can he." (*Id.*) Thus, GM submits that in the absence of a valid reason to deny the Motion, the Court should grant the Motion. (*Id.* at PageID #1507–08.) Finally, GM asserts that "[e]ven if a deposition transcript is not introduced as evidence, the costs are still recoverable." (*Id.* at PageID #1508.)

The Court finds GM's arguments well-taken. First, the "Sixth Circuit has rejected the assertion that a district court should not allow the taxing of costs while an appeal is pending."[2] *Denczak v. Ford Motor Co.*, 2006 WL 8453999, at *1 (N.D. Ohio Mar. 1, 2006) (citing *Stevenson v. Rayloc*, 114 Fed. App'x 167 (6th Cir. 2004)). The Court thus declines to stay the Motion.

---

[2] *See also Wynn*, 2024 WL 3495333, at *1 n.1 ("After the entry of judgment and filing of the currently pending motion, Plaintiff filed a notice of appeal with the Sixth Circuit Court of Appeals. Typically, filing a notice of appeal divests the district court of jurisdiction over aspects of the cases involved in appeal. However, motions to tax costs under Rule 54(d)(1) are considered 'collateral' to the merits and do not alter or amend a final judgment. Therefore, despite the pending appeal, this Court retains jurisdiction to review and determine the pending motion.") (citations omitted).

Next, the Court agrees that Yacko has failed to demonstrate that costs are not warranted. As explained above, the "costs of taking depositions and the associated transcripts are recoverable under § 1920." *Wynn*, 2024 WL 3495333, at *1; *see also* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as costs the following: * * * (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case."). Further, the Sixth Circuit has described limited circumstances in which a district court should exercise its discretion to deny an award of costs, none of which have been shown here. *See Wynn*, 2024 WL 3495333, at *1 (citing *White & White, Inc.*, 786 F.2d at 30). Indeed, Yacko fails to demonstrate that GM's costs are "unnecessary or unreasonably large," that GM has "inject[ed] unmeritorious issues," that GM's victory is "insignificant," or that this was a "close and difficult" case. *Id.* Accordingly, the denial of costs would be improper.

Finally, the Court rejects Yacko's assertion that he "should not be taxed on depositions that were not filed or used by the Defendant." (Doc. No. 42 at PageID #1504.) "[T]he recovery of the cost of depositions is not limited solely to those used in the motion for summary judgment." *Johnson v. Cleveland City School Dist.*, 2009 WL 275468, at *3 (N.D. Ohio Feb. 4, 2009). Rather, "whether a deposition is reasonably necessary is to be determined at the time it is taken." *Id.* (citing *Baker v. First Tenn. Bank Nat'l Ass'n*, 1998 WL 136560, at *4 (6th Cir. 1998)); *see also McCombs v. Meijer, Inc.*, 395 F.3d 346, 361 (6th Cir. 2005) ("[A] deposition does not have to be used as evidence to be taxed as an expense.").

Aside from noting that the depositions of Sipler, Jewett, and East were not "filed or used" by GM, Yacko makes no attempt to demonstrate that these depositions were not reasonably necessary at the time they were taken. (Doc. No. 42 at PageID #1504.) Rather, just as in *Johnson*, each of these "deponents had an important connection to the events at issue in this case, particularly under

5

[Yacko's] theory of the case, and their depositions must be considered 'reasonably necessary' at the time they were taken." 2009 WL 275468, at *4.  And despite challenging the significance of these depositions, Yacko himself filed all three depositions on the docket "for use in motion practice and trial" and referenced them extensively in his Opposition Brief to GM's Motion for Summary Judgment.[3]  (Doc. Nos. 32-5, 32-6, 32-7; Doc. No. 33 at PageID #1321–24.)  The Court therefore declines to find that these depositions were not "reasonably necessary … at the time [they] were taken." *Johnson.*, 2009 WL 275468, at *3 (citing *Baker*, 1998 WL 36560, at *4).

Accordingly, the Court finds that GM has demonstrated that it is entitled to costs in the amount of $3,714.50.

IV.     **Conclusion**

For the reasons set forth above, the Court **GRANTS** GM's Motion to Tax Costs.  (Doc. No. 40.) The Clerk of Court is hereby instructed to impose costs against Yacko in the amount of $3,714.50 in accordance with Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920.

**IT IS SO ORDERED.**

Date: March 13, 2025

 s/Pamela A. Barker  
PAMELA A. BARKER  
U. S. DISTRICT JUDGE

---

[3] *See Johnson*, 2009 WL 275468, at *4 ("While [Plaintiff] contends that the defendants 'only actually used four depositions' in the motion for summary judgment, [Plaintiff] herself relied on many more … This further buttresses the conclusion that the depositions were reasonably necessary to the litigation.") (citations omitted).